# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENNETH D. LEEK,

                    Plaintiff,

          v.                              CASE NO.   09-3036-SAC

DARWIN THOMAS,
et al.,

                    Defendants.

### MEMORANDUM AND ORDER

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).  Plaintiff has submitted the initial partial filing fee assessed by the court, and is herein granted leave to proceed in forma pauperis (Doc. 2)[1].

### FACTUAL BACKGROUND

As the factual basis for this complaint, Mr. Leek alleges that on or about June 24, 2002, at the Hutchinson Correctional Facility (HCF) he was wrongfully found guilty on a disciplinary report for disobeying orders by failing to provide a urine sample

---

[1]     Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the remainder of the full district court filing fee which is currently $350.00 in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).  Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

within two hours.  He claims the decision was wrong because medical problems rendered him incapable of urinating.  He also claims defendant Thomas, the hearing officer, refused to allow witnesses[2]. Mr. Leek was unsuccessful on administrative appeal.  However, he alleges that he litigated the matter in the Kansas courts in a petition under K.S.A. § 60-1501; and after several years, was "successful in obtaining a reversal and remand for numerous due process violations."

The court takes judicial notice of the unpublished opinion of the Kansas Court of Appeals (KCOA), in Mr. Leek's lawsuit under K.S.A. § 60-1501.  Therein, the KCOA set forth the following factual background relevant to this case:

> On June 4, 2002, Leek, an inmate at Hutchinson Correctional Facility (HCF), failed to provide an adequate urine sample as requested by prison officials and was charged with disobeying orders. Later that day, Leek went to the prison health clinic and was catheterized after he was again unable to produce a urine sample.  Throughout the month of June, Leek made several visits to the prison health clinic for treatment of urinary tract problems.  On June 18, 2002, a disciplinary hearing officer dismissed the June 4, 2002, charge after reviewing Leek's medical records and hearing testimony.
>
> On June 24, 2002, Corporal Hedges requested another urine sample from Leek.  Leek was unable to comply with the request within the established 2-hour time limit.  Leek told Corporal Bennett he had difficulty urinating due to a medical condition.  Corporal Bennett contacted a nurse at

---

[2]     Under <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), an inmate facing disciplinary charges has limited due process rights.  He is entitled, at a minimum, to (1) advance written notice of the charges, (2) the opportunity to present documentary evidence and call witnesses where this will not jeopardize institutional safety or correctional goals, and (3) a written statement of the evidence relied upon and the reasons for the decision.  <u>Id</u>. at 563-69.

the unit clinic who allegedly advised Bennett that Leek had no medical condition that would prevent him from giving a urine sample within 2 hours. Leek was charged with disobeying an order in violation of K.A.R. 44-12-304. Leek submitted an "Inmate Request for Witness" form identifying two witnesses he wished to have present at his disciplinary hearing.

After hearing testimony from Leek and Corporal Bennett, the hearing officer found Leek guilty of disobeying orders and imposed 60 days of privilege restrictions, 45 days of disciplinary segregation, loss of 6 months of good time credits, and a $20 fine. Leek timely appealed to the Secretary of Corrections (DOC), Charles Simmons, alleging several due process violations and insufficiency of the evidence. Simmons upheld the hearing officer's decision, noting it was based on some evidence.

Leek timely filed a K.S.A. 60-1501 petition against DOC in Reno County District Court, and a hearing on the petition was held on November 21, 2002. In January 2003, Leek was transferred to El Dorado Correctional Facility, and the case was transferred to Butler County District Court. In February 2007 the Butler County District Court dismissed Leek's petition. Following the district court's denial of Leek's motion to amend the judgment, Leek timely appealed to this court.

Leek v. Simmons, 187 P.3d 608, *1 (Kan.App. July 18, 2008, Table).

In Leek v. Simmons, the KCOA further found:

In his 60-1501 petition, Leek claimed the hearing officer violated his due process rights by denying his requests for witnesses without providing a reason, denying him the opportunity to cross-examine witnesses, failing to remain impartial, and finding him guilty based on insufficient evidence. Leek attached, inter alia, a copy of the "Inmate Request for Witness" form that he submitted to the disciplinary board on June 26, 2002. On the form, Leek requested two witnesses: a unit team staff member, "Ms. Koehn," and a member of the shakedown team, "CSI Case." Leek indicated Koehn would testify about his medical treatment and similar previous disciplinary reports, and that Case would testify

> that Leek offered to be catheterized to avoid a
> disciplinary report and that Case performed his
> own investigation of Leek's medical condition....
>
> We find no indication on the witness request form
> or hearing record that the hearing officer
> addressed Leek's requests for witnesses.

Id. at *2.  The KCOA additionally found:

> Here, Leek submitted a timely formal request for
> two witnesses and the hearing officer did not
> address Leek's request.  Further, DOC acknowledged
> in its motion to dismiss the petition that the
> hearing officer failed to note Leek's request for
> witness or provide a written reason for the
> failure to call the witness.
>
> ... Prison officials failed to provide a reason
> for denying or refusing to call witnesses
> requested by Leek. Assuming the facts in the
> petition were true, as we must, we conclude Leek
> may have been entitled to relief, and the district
> court erred in summarily dismissing the petition.
> (Citations omitted).  Therefore, we reverse the
> district court's dismissal of Leek's K.S.A.
> 60-1501 petition and remand for further
> proceedings.

Id. at *4.  Mr. Leek does not disclose what then transpired in the

Butler County District Court except to state that upon "remand to

the prison for the new hearing the hearing officer declined to

proceed and dismissed the charges for numerous reasons[3]."


**CLAIMS FOR RELIEF**

Plaintiff seeks a declaration that defendants have violated

---

[3]      The court is not informed if the disciplinary findings and sanctions
against plaintiff were effectively expunged and good time restored.  See e.g.
Ragan v. Lynch, 113 F.3d 875 (8th Cir. 1997)(defects in prison disciplinary
proceeding were remedied by state courts actions); see also, Hudson v. Ward, 124
Fed.Appx. 599 (10th Cir. 2004)(unpublished opinion)(no due process violation
resulted where good time credits were restored), cert. filed (August 3, 2005);
cf., Traylor v. Denton, 39 F.3d 1193 (10th Cir. 1994, Table).

his "14th Amendment rights," and that their "violations were knowing and malicious, and involved a conspiracy.  He asks the court to order disciplinary proceedings against defendants for misconduct, as well as their federal prosecution "for violations of 18 U.S.C. §§ 241[4] and/or 242, and their dismissal from state employment.  Finally, plaintiff seeks actual, nominal, compensatory, exemplary, and punitive damages.

## SCREENING

Because Mr. Leek is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds portions of the complaint and some defendants are subject to being dismissed for reasons that follow.

At the outset, the court notes that the initiation of a criminal prosecution is not relief to be sought and awarded by a federal district court in a civil rights action.  Instead, the decision to prosecute an individual and what criminal charges to pursue are matters of prosecutorial discretion.  United States v. Batchelder, 442 U.S. 114, 124 (1979); see Inmates of Attica

---

[4]      This section and § 242 provide for criminal liability and penalties against persons who conspire against the federal constitutional rights of citizens.  However, there is no private cause of action created by these provisions.  Thus, to the extent plaintiff may be seeking relief based upon these provisions, his claims for such relief are denied.  Larsen v. Larsen, 671 F.Supp. 718 (D.Utah 1987), aff'd, 871 F.2d 1095 (10th Cir.), cert. denied, 493 U.S. 844 (1989).

Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir. 1973)(prosecution of state officials for alleged violation of inmates' federal civil rights is for discretion of U.S. Attorney). Similarly, plaintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action. Accordingly, these particular claims for relief are denied.

In addition, the court finds that plaintiff fails to state any facts whatsoever in support of a claim of conspiracy. The pleadings must specifically present facts tending to show agreement and concerted action. Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994); (citing Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230-31 (10th Cir. 1990)(dismissing conspiracy claim because plaintiff offered no evidence of communication between alleged co-conspirators and nothing that would give rise to the inference that they conspired)). Mr. Leek's claims of a meeting of the minds among defendants are completely conclusory. He has not described concerted actions or actual agreements between any defendants. Traylor, 39 F.3d at **2.

The court finds other deficiencies in plaintiff's complaint as follows. Plaintiff will be given the opportunity to cure these deficiencies. If he does not comply with the court's Order in a timely manner, or if he fails to cure the deficiencies discussed herein, the court will issue an order dismissing the deficient portions of the complaint and the defendants against whom plaintiff

6

has failed to state a claim.

**PERSONAL PARTICIPATION**

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). It follows that a supervisor may not be held liable solely upon a theory of respondeat superior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Gagan v. Norton, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), cert. denied, 513 U.S. 1183 (1995). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff sues defendant Thomas in his private capacity, alleging that Thomas was the hearing officer[5] who refused to grant his request for "numerous witnesses" at the disciplinary hearing.

---

[5]   The court notes that in Mr. Leek's Appellate Brief to the KCOA, available on-line at 2007 WL 4230991, he sought a new hearing comporting with due process, while noting that the requested witnesses and hearing officer might be unavailable, and thus a fair hearing might be impossible. It is also notable that a petition under K.S.A. § 60-1501 is in the nature of a state habeas corpus action, and thus Leek's custodian answered the petition, rather than defendant Thomas herein, who is not mentioned by name in the KCOA opinion.

He further alleges that Thomas offered no explanation for the denial, and that the KCOA has "already ruled" that Thomas violated plaintiff's due process rights.   Thus, plaintiff sufficiently alleges the personal participation of defendant Thomas in the complained-of acts.

Plaintiff also sues Louis Bruce, who was the Warden at HCF when the underlying events occurred.   Leek alleges that Warden Bruce had "direct knowledge" of and condoned defendant Thomas's actions, had full supervisory power over Thomas, and yet refused to take corrective action to prevent injury.   However, these conclusory allegations appear to be based solely upon Bruce's having upheld the disciplinary action on administrative review.

Plaintiff sues Charles Simmons based upon the same conclusory allegations that he had direct knowledge and failed to take corrective action though he had full supervisory power over Thomas and Bruce.   Again, these allegations are based upon Simmons having approved Thomas's findings and sanctions on administrative appeal.

Civil liability exists only for a supervisor's "own culpable involvement" in the constitutional violation.   Serna v. Colorado Department of Corrections, 455 F.3d 1146, 1151 (10th Cir. 2006).   For supervisory liability to attach, the Tenth Circuit requires an affirmative link between the constitutional deprivation and (1) the supervisor's personal participation, (2) the exercise of control or direction, or (3) the failure to supervise.   Keeling v. Schaefer, 181 F.Supp.2d 1206, 1221 (D.Kan. 2001), (citing see

Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000)).  Plaintiff does not allege any facts that would establish any link between the acts of the hearing officer and any act or omission of the supervisory state defendants.  The filing and denial of a grievance is insufficient to establish personal participation of supervisory personnel in the alleged constitutional violations of a hearing officer and to impose § 1983 liability upon them.  Larson v. Meek, 240 Fed.Appx. 777, 780 (10th Cir. June 14, 2007, unpublished)(citing see Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002)(per curiam); Whitington v. Ortiz, 307 Fed.Appx. 179, 192 (10th Cir. Jan. 13, 2009).  Nothing in the complaint describes any personal action by either Bruce or Simmons beyond their denial of Mr. Leek's administrative appeals.  Neither Bruce nor Simmons wrote the disciplinary report, participated directly in the disciplinary hearing, made a finding of guilt, or imposed sanctions.  Nor is it alleged that they made the classification decisions as to Mr. Leek, or that any of the hearing officer's actions were taken at their direction or with their express consent.  In sum, there is no indication that the conduct of these defendants proximately caused the violation of procedural due process which allegedly occurred at plaintiff's disciplinary hearing.  See Strope v. Collins, 492 F.Supp.2d 1289, 1301 (D.Kan. 2007), aff'd, 2009 WL 465973 (10th Cir. Feb. 25, 2009).  Consequently, plaintiff's cause of action against defendant Bruce and defendant Simmons is subject to being dismissed for failure to state a claim for money damages under § 1983 against these defendants.  As long as these defendants are not

implicated in Mr. Leek's due process claim, service of process upon them would be inappropriate.   See Payne v. Friel, 266 Fed.Appx. 724, 728 (10th Cir. 2008).


**DENIAL OF PROPERTY CLAIM**

        Plaintiff also sues Susan Gibreal, a Deputy Warden at the EDCF, for denying his written request in August, 2008, for "special permission to purchase a cassette player and (15) cassette tapes." In support, he alleges that following his 2002 disciplinary conviction he was precluded from ordering a cassette player and tapes due to the reduction of his incentive level.  Although it is not clear from the few allegations made in support of this claim, Mr. Leek apparently is currently precluded from obtaining this property by a KDOC directive providing inmates would no longer be allowed to order these items after a certain date.   Plaintiff argued in his request to Gibreal that he had been wrongfully classified due to the disciplinary action that had been overturned, and "should now be allowed to purchase the property."  He asserted that to disallow his request would deny him equal protection of the laws.  Defendant Gibreal denied the request.

        Plaintiff also sues Ray Roberts, EDCF Warden, and Elizabeth Rice, Deputy Secretary of Corrections, based upon their supervisory powers and approval of the findings and action of Gibreal on appeal of plaintiff's administrative grievance.  Again, the court notes that supervisory officials cannot be held liable for money damages based solely upon their affirmance of administrative action on

appeal.   Thus,  plaintiff  must  allege  additional  acts  by  these
defendants showing their personal participation in a constitutional
violation,  or  they  will  be  dismissed  from  this  action.

Even if plaintiff alleges sufficient personal participation
on  the  parts  of  Rice  and  Roberts,  this  claim  is  subject  to  being
dismissed.   The  court  finds  that  the  few  facts  alleged  in  support
of this 2008 claim are insufficient under § 1983. The KCOA opinion
indicates  that  only  60  days  of  restrictions  and  45  days  of
disciplinary segregation were imposed upon Mr. Leek as a result of
the 2002 proceeding that he claims lacked due process.  It follows
that these sanctions must have expired years before Leek's request
to  defendant  Gibreal  in  2008.   Plaintiff  does  not  allege  that  he
made a request to purchase this property in the intervening years,
which  was  improperly  denied.   Nor  does  he  provide  dates  including
those  establishing  the  duration  of  any  restrictions  imposed  in
2002.   Instead,  the  restrictions  as  imposed  were  found  in  the  KCOA
opinion.

"The  first  inquiry  in  any  §  1983  suit  .  .  .  is  whether  the
plaintiff has been deprived of a right" secured by the Constitution
or laws of the United States.  Baker v. McCollan, 443 U.S. 137, 140
(1979).   In  order  to  state  a  case  for  a  §  1983  violation,  plaintiff
must show that the defendant caused plaintiff to be subjected to a
deprivation  of  his  constitutional  rights.   Plaintiff  asserts  that
defendant  Gibreal  violated  his  14th  Amendment  Equal  Protection
rights.   "Equal  protection  is  essentially  a  direction  that  all
persons  similarly  situated  should  be  treated  alike."   Fogle  v.

<u>Pierson</u>, 435 F.3d 1252, 1260 (10th Cir.), <u>cert</u>. <u>denied</u>, 549 U.S. 1059 (2006); <u>see</u> <u>Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth.</u>, 933 F.2d 853, 859 (10th Cir. 1991).  Plaintiff's equal protection claim fails because he does not allege facts establishing the essential elements.  <u>See</u> <u>Rider v. Werholtz</u>, 548 F.Supp.2d 1188 (D.Kan. 2008)(citing <u>Riddle v. Mondragon</u>, 83 F.3d 1197, 1207 (10th Cir. 1996)).  Plaintiff fails to allege any facts suggesting that he is a member of a suspect classification, demonstrating that he was treated differently from other similarly-situated prisoners, or that defendants' acts did not serve a legitimate penological purpose, as is essential to state a claim under the Equal Protection Clause of the Fourteenth Amendment.  <u>Fogle</u>, 435 F.3d at 1261; <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1312 (10th Cir. 1998).

In essence, plaintiff's claim against Gibreal appears to be based upon her denial of his request to purchase a cassette player and cassettes at a time when, under KDOC policy, inmates were not allowed to make this purchase.  As such, the court can perceive of no federal constitutional violation caused by defendant Gibreal.  Nor can the court perceive of a theory under which plaintiff would now be constitutionally entitled to purchase and possess this property as relief for his having been denied the opportunity to purchase it for sixty days in 2002.

If plaintiff means to claim that the denial of this property at a time when it was allowed to other inmates, was a harm suffered as a result of his allegedly unconstitutional 2002

disciplinary proceeding and sanctions, that is a different matter. Such a claim would be against the person who ordered the unconstitutional discipline and sanctions, not a prison official who years later denied the property in accord with current policy.

**MOTION FOR "COURT ASSISTED SERVICE"**

The court has considered plaintiff's Motion for Court Assisted Service (Doc. 3) and finds that it amounts to a request that the court require KDOC to provide addresses for service of two named defendants whom plaintiff alleges are retired from employment at KDOC. This motion is denied at this time. KDOC is not a party to this action, and thus the court may not issue an order herein requiring action on its part. If this action survives screening, the court will order service of summons by a U.S. Marshal on the remaining defendant(s). Plaintiff should continue his efforts to locate the defendant(s) in this action in order to provide an address for service process if necessary.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to file a Supplement to his Complaint alleging additional facts in support of his claims found to be deficient herein and showing actual personal participation of each named defendant as discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, and that plaintiff's Motion for Court Assisted Service (Doc. 3) is denied, without

prejudice.

The clerk is directed to transmit a copy of this Memorandum and Order to the Finance Office of the institution where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 8th day of May, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge