IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KENNETH D. LEEK,

                    Plaintiff,

            v.                          CASE NO. 09-3036-SAC

DARWIN THOMAS,
et al.,

                    Defendants.

O R D E R

On July 27, 2009, this court ordered issuance of summons and waiver of service forms upon the three defendants in this action, along with preparation of a Martinez report by officials of the Kansas Department of Corrections (KDOC). Since that time, only one defendant, Charles Simmons, has been served. The clerk of the court has not issued summons and waivers to defendants Darwin Thomas and Louis Bruce for the reason that plaintiff has not provided their addresses. Plaintiff has recently inquired as to the lack of service on defendants Thomas and Bruce.

The court finds plaintiff made some effort to obtain the addresses of these two defendants before he filed his complaint. In addition, he filed an earlier motion for "court assisted service"[1], in which he stated that these two persons were employed

_____

[1]    Plaintiff, in effect, asked the court to order the KDOC to provide the addresses to the court for service of these two defendants; or alternatively, that the attorney representing all other defendants who are KDOC employees receive service on behalf of these two former KDOC employees as well. The court denied this request without prejudice, since the KDOC was not a party to this action.

by the KDOC and working at the HCF at the time the events underlying his complaint occurred, but had since left KDOC employment. He further alleged that to the best of his knowledge, both defendants are retired from the KDOC and thus "still receive a paycheck" from that agency. He also alleged he "made an effort through the Kansas Open Records Act to obtain the information needed to achieve service" upon these two defendants, "but his status as an inmate has proved to be an understandable roadblock to the release of the requested information." Plaintiff had requested the "last known whereabouts (address or place of employment)" of these persons from the KDOC. He attached a copy to his complaint of the KDOC's response dated November 7, 2008, which provided:

> Darwin Thomas, Hutchinson Correctional Facility-Corrections Specialist II – Last day of employment with KDOC 6/6/04. Louis E. Bruce, Hutchinson Correctional Facility – Warden IV – Last day of employment with the KDOC – 6/23/07.

Even though plaintiff was directed by this court to continue his efforts to locate and provide information to serve these two defendants, he has submitted nothing further.

The Federal Rules of Civil Procedure contain a time limit for service of process upon a defendant. Fed.R.Civ.P. Rule 4(m) governs the time limit for service, and in relevant part provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time

2

for service for an appropriate period.

Id. Clearly, the plaintiff in a civil lawsuit bears primary responsibility to provide sufficient information for service of the complaint upon each defendant. See Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995)(Dismissals for failure to timely serve process are governed by Fed.R.Civ.P. 4(m), and pro se litigants are not excused from its requirements). However, in this case, plaintiff has been granted leave to proceed in forma pauperis (IFP), is proceeding pro se, and is currently in prison. These circumstances have been held to entitle a plaintiff to assistance with service from court personnel and the United States Marshal[2]. 28 U.S.C. § 1915(d) and Rule 4(c)(3), Fed.R.Civ.P. That entitlement has generally included the acts of preparing and serving the process, without prepayment of costs, upon the defendants at the address provided by the plaintiff.

It is highly questionable that either court staff or employees of the USMS have a duty to mount an extensive search for

---

[2]      "Section 1915(d) provides that '[t]he officers of the court shall issue and serve all process and perform all duties' for plaintiffs granted IFP status." Laurence v. Wall, 551 F.3d 92, 93 (1st Cir. 2008). "Fed.R.Civ.P. 4(c)(3) provides that the district court 'must' order service by the U.S. Marshal if the plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915." Id. "Each of the appeals courts that have addressed the question have found that a plaintiff proceeding IFP shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3)." Laurence, 551 F.3d at 94 (citing e.g., Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003); Lindsey v. U.S. Railroad Retirement Bd., 101 F.3d 444, 445 (5th Cir. 1996); Byrd v. Stone, 94 F.3d 217, 219-20 (6th Cir. 1996); Welch v. Folsom, 925 F.2d 666, 670 (3rd Cir. 1991); Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effectuate service." Puett, 912 F.2d at 275; Romandette v. Weetabix Co., 807 F.2d 309, 311 (2nd Cir. 1986); Moore v. Jackson, 123 F.3d 1082, 1085-86 (8th Cir. 1997).

and locate a defendant in a civil case for personal service when a plaintiff has failed to provide an address or other sufficient information for service.  The propriety might even be questioned of the court, or the USMS at the court's direction, providing free detective service for the party plaintiff in a lawsuit pending before the court.  However, the court's own research has revealed at least one court that provided funds to an IFP litigant for an investigator or process server.  Much more often, however, courts have simply dismissed the civil action after a specific period of time has run without service on defendants.

Other options are also available.  First, since plaintiff may himself effect service through a non-party to avoid dismissal under Rule 4(m), it seems logical that a plaintiff may enlist a non-party to assist him in locating defendants.  Plaintiff does not allege that he has utilized or is unable to use this option.  Nor does it appear that plaintiff has utilized proper discovery to obtain information regarding defendants.  Recently, a district court in California directed the USMS "to make greater inquiry" of the corrections department "and reattempt service on defendant." That court held that if the Marshal still was unable to effect service because the DOC "lacks a last known address" then plaintiff would be given sixty days to provide new information on the defendant's location.  Jensen v. Knowles, 621 F.Supp.2d 921, 930 (E.D. Cal. 2008).  Another court considered the circumstance of the clerk completing the Marshals Service forms for a defendant without a forwarding address because that information was unknown.  That

4

court found it was "up to the marshal to make a reasonable effort to locate" the defendant, who had retired from the Department of Corrections, by contacting her former employer, the DOC, or conducting an Internet search of public records for the defendant's current address or both.  Buford v. Sutten, 2005 WL 878540 (W.D.Wisc. Apr. 8, 2005, unpublished)(citing see Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990)(once defendant is identified, marshal to make reasonable effort to obtain current address)).  However, that district court went on to state:

> Reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

Buford, 2005 WL 878540 at *1.  The court in Buford noted that their court of appeals "recognized the security concerns that arise when prisoners have access to the personal addresses of former or current prison employees".  Id. (citing Sellers, 902 F.2d at 602.).  The court explained:

> For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the Internet.  If the marshal is successful in obtaining the defendant's personal address, he is to maintain that address in confidence rather than reveal it on the marshals service forms, because the forms are filed in the court's public file and mailed to the plaintiff after service is effected.

Buford, 2005 WL 878540 at *1.  This court agrees with this reasoning in Buford[3].  Accordingly, it will direct the clerk to

---

[3]      However, Buford is not precedent that must be followed by this court.

issue summons and waivers to defendants Thomas and Bruce for service by the USMS, despite not having their current addresses at this time.

Plaintiff is warned however, that if the Marshal is unable to effectuate service on either defendant with the information thus far provided, the onus remains upon plaintiff to discover and submit sufficient information for service of all defendants he has named in this lawsuit.  In that event, plaintiff may be required to show "good cause" why this action should not be dismissed, without prejudice, as against any defendant that remains unserved after the 120-day time limit has expired.

For the foregoing reasons, the court issues the following Order.

**IT IS THEREFORE ORDERED** that the clerk of the court shall prepare and transmit summons, waiver of service forms, and a copy of the complaint to the U.S. Marshals Service for immediate service upon defendants Thomas and Bruce under Fed.R.Civ.P. 4(c)(3) with a copy of this Order providing their last known place and date of employment with the KDOC.

**IT IS FURTHER ORDERED** that the Office of the U.S. Marshal keep any forwarding addresses it may obtain for defendants Thomas and Bruce strictly confidential, and that the addresses shall not appear on any U.S. Marshal form that will be provided to plaintiff or made part of the court's record in this case.

Copies of this Order shall be transmitted to plaintiff, to

defendants, to the United States Marshal Service, to the Secretary of Corrections, and to the Attorney General of the State of Kansas.

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2009, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge